IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | |
| vs | CRIMINAL 06-0299CCC |

1) BARRY EDWARD PAGAN-NARVAEZ
(Counts Three and Four)
**2) HECTOR GONZALEZ-SUAREZ**, a/k/a Palomo
(Counts One, Two, Three and Four)
3) MELVIN MENDEZ-ROLDAN a/k/a Mel
(Counts One and Two)
4) REY MANUEL RODRIGUEZ-ESPERON
(Counts One and Two)
5) JOSE L. CABRERA-COSME, a/k/a Luis Villalobos
A/K/A Luis Canales
(Counts One and Two)
6) REYNALDO RODRIGUEZ-ESPERON, a/k/a
Papolín
(Counts One and Two)
7) LUIS A. ACEVEDO-DONES
(Counts One and Two)
8) JERRY O. RODRIGUEZ-REYES, a/k/a Quiri
(Counts One and Two)
9) JONATHAN DE JESUS
(Counts One and Two)
10) ANTONIO BELTRAN-MARTINEZ
(Counts one and Two)
11) MIGUEL A. RIVERA-CANALES, a/k/a Miguel
(Counts One and Two)
12) IVAN DE JESUS-OSLAN, a/k/a Uffy, a/k/a Puffy
(Counts One and Two)
13) DELIA E. SANCHEZ-SANCHEZ, a/k/a Delia La
Millonaria, a/k/a Delia Millones
(Count One)
14) JONATHAN AYALA-GARCIA, a/k/a Mikima
a/k/a Jonathan García-Ayala
(Count One)
15) SAMUEL A. APONTE-DENTON, a/k/a Sammy
(Count One)
16) MYRIAM FIGUEROA-CENTENO, a/k/a Myriam
La Enana
(Count One)
17) VICTOR MASS, a/k/a Nenito, a/k/a Víctor Mass-
Adorno
(Count One)

18) MARIA E. DIAZ-RAMOS
(Count One)
19) BARTOLOME FERREA-PINEDA
(Count One)
20) BERNARDO PEÑA-CALO, a/k/a Zazule, a/k/a
Zazules
21) HIRAM J. AGRON-MARTINEZ, a/k/a Johan
(Count eOne)
22) ELMER RIVERA-SANTANA, a/k/a Elmer
(Count One)
23) ANGEL FIGUEROA-PINO
(Count One)
24) LUIS E. SANTIAGO-TORRES
(Counts One and Two)
25) FELIPE GONZALEZ-OJEDA, a/k/a Pipe
(Counts One and Two)
26) MARIA Y. RAMIREZ-DEL-VALLE
(Count One)
Defendants

# O R D E R

Before the Court is an opposition (**docket entry 914**) filed on April 29, 2009 by defendant Héctor González-Suárez to the United States' Motion Notifying Experts (**docket entry 871**) filed on March 30, 2009 where the government provides the names of four (4) DEA forensic chemists, five (5) forensic chemists of the Institute of Forensics Science (IFS), six (6) pathologists of IFS, one (1) IFS DNA expert, eight (8) crime scene investigators of the IFS, two (2) auto investigators of IFS, and four (4) firearms examiners of IFS. The government included with this motion a proffer of the testimony of each class of experts, stating that the forensic chemists' testimony will be about laboratory analysis performed on the narcotics seized, laboratory reports and results, and the remaining experts would testify about their respective examinations, analysis, blood tests, autopsies, and their onsite investigations at crime scenes, all of these concerning "each drug-related murder previously notified by the government." Movant avers in his opposition (docket entry 914) that the March 30, 2009 notice is untimely and that it is too general.

The government has requested leave to reply (**docket entry 916**), which is GRANTED. In its reply the government states that it has complied with the disclosure requirements on expert witnesses in Rule 16(a)(1)(G), since it timely provided to defendants written reports of what each expert will testify, such as autopsy, ballistic and drug analysis reports that contain its experts' observations, opinions, analysis and conclusions.

González-Suárez' request for leave to file a surreply filed on May 5, 2009 (**docket entry 925**) is GRANTED.  Although he does not dispute the government's statement that the reports disclosed in discovery pertaining to the experts notified in docket entry 871, indeed, provide the opinions, analyses and basis underlying their testimony, González-Suárez insists that "the disclosure" does not substitute the notice requirement of Rule 16. Defendant does not raise any persuasive argument in support of suppression of the expert witnesses' testimonies in the particular circumstances of this case, where he has received the written reports containing the tests, examinations and analyses conducted by the different experts in each field, i.e., chemistry, firearms, pathology, DNA, autopsy, which form the basis of their opinions as proffered in the government's Rule 16(a)(1)(G) disclosure.

Regarding the timeliness of the notice of the expert witnesses, the Court finds that the four-week advance notice is reasonable.  Defendant waited until a week before trial to raise the alleged untimeliness in order to seek exclusion of this evidence.  In United States v. Hatch, 514 F.3d 145, 164-165 (1st Cir. 2008), defendant was given notice of the expert witness' scope of testimony "a couple of weeks before trial began" at a pretrial hearing.  The Court found that there was "substantial degree of compliance with the purpose, whether or not in all respects the letter, of Rule 16(a)(1)(G)."  Hatch, at 165, and allowed the experts' testimony.

In United States v. Lipscomb, 539 F.3d 32, 38 (1st Cir. 2008), the Court observed that, "[g]iven defense had full notice of the *actual opinions* to which the detectives intended to testify, we are unpersuaded by the defendants' criticism of the lack of detail regarding the *basis* for the opinions."  The Court commented that even in cases involving complex subject matters, such as technical or scientific matters where greater disclosure may be required, the Advisory Committee Notes refer to the more detailed disclosure as including "written and oral reports, tests, reports and investigations and any information that might be recognized as a legitimate basis for an opinion under Federal Rules of Evidence 703."  Id.  The written reports provided in discovery, setting forth the tests, examination, laboratory analyses of the different experts are the equivalent of the detailed notice to which the Advisory Committee Notes refer.

CRIMINAL 06-0299CCC                          4

        Finally, defendant cites United States v. Casas, 356 F.3d 104, 119-120 (1st Cir, 2004),

in support of his argument that the crime-scene investigators' experts' testimonies constitute

inadmissible hearsay and are overview testimony.  The government's proffer on crime-scene

investigators as expert witnesses does not give any indication that the United States intends

to use them as initial witnesses providing overview testimonies which the First Circuit found

inherently problematic and troubling in United States v. Casas, supra, at 119-120.  In any

event, the government must follow the First Circuit's views against the use of this practice.

Regarding the crime-scene investigators' testimonies as objectionable hearsay, again relying

on Casas, that case involved the testimony of an agent who partly testified regarding his

personal knowledge of events related to an airport incident and the search but which

improperly extended to conclusions based on information obtained during his investigation

of the case which was provided by a cooperating co-defendant who did not testify at the

Casas' trial.  Therefore, defendants had no chance to cross examine the witness who

allegedly provided the information to the agent and had no basis to challenge the

conclusions drawn by the agent from what he had said.  Therefore, the crime-scene

investigators' testimonies must be based on personal knowledge of evidence gathered by

them at the crime scene and not on what third parties may have told them during their

investigation.

        The Court in Casas made the distinction that the agent was never introduced or

qualified as an expert.  The Court noted that more importantly his "testimony that particular

persons were members of the conspiracy was not an appropriate subject to expert testimony

. . . [and] was not in any way linked to the 'specialized knowledge' that Rule 702 requires."

Casas at 120.  Although the reasons advanced by defendant at paragraph 7 of his surreply

(docket entry 925) do not lend support for exclusion of the crime-scene investigators'

testimony at this stage, the United States must heed the findings of the First Circuit in United

States v. Casas regarding the issues discussed at pages 117 through 120 of the Opinion.

CRIMINAL 06-0299CCC                          5

    Accordingly, we conclude that the notice and disclosure of experts' testimony was sufficient and that defendant has not shown any prejudice due to either insufficiency or untimeliness of the Rule 16(a)(1)(G) disclosure.

    SO ORDERED.

    At San Juan, Puerto Rico, on May 5, 2009.

                             S/CARMEN CONSUELO CEREZO
                             United States District Judge